# IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA
### CIVIL DIVISION

KHANH M. NGUYEN,

        Plaintiff,

Case No.: 03-9165CI-8

vs.

THE COCA-COLA COMPANY,
a/k/a COCA COLA NORTH AMERICA,
a foreign corporation, and
MINUTE MAID CORPORATION,
a Florida corporation,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KHANH M. NGUYEN, ("Plaintiff"), hereby sues Defendants, THE COCA-COLA COMPANY, a/k/a COCO COLA FOUNTAIN, a foreign corporation and MINUTE MAID CORPORATION, a Florida corporation ("Defendants") and alleges as follows

1. This action is brought under, Title VII of the Civil Rights Act of 1964, as amended, 42 U S C § 2000e et seq ("Title VII") and the Florida Civil Rights Act of 1992, § 760 10 et seq ("FCRA"), to redress Defendants' unlawful employment practices towards Plaintiff, including but not limited to discrimination based upon Plaintiff's national origin and retaliation motivated by Plaintiff's good faith opposition to Defendants' unlawful employment practices

### JURISDICTION AND VENUE

2. This is an action for damages the value of which exceeds $15,000, exclusive of pre-judgment interest, costs, and attorney's fees

3.   Plaintiff was a resident of Pinellas County, Florida at all times material to this action

4.   Defendants conducted business in Pinellas County, Florida, at all times material hereto

5.   Defendants were Plaintiff's joint employers within the meaning of Title VII and the FCRA at all times material to this action

6.   Plaintiff has performed all conditions precedent necessary to the maintenance of this action or such conditions precedent have been waived.

## FACTUAL ALLEGATIONS

7.   Plaintiff, who was born in Vietnam and has lived in the United States for several decades now, began working for Defendants in August of 1994 as an electrician.

8.   Plaintiff has performed his job duties in a fully satisfactory manner during his employment with Defendants

9.   For a number of years Plaintiff has been subjected to an ongoing and continuous pattern of disparate treatment whereby Defendants treated him less favorably than their non-Vietnamese employees in the terms and conditions of his employment

10.  Defendants' discriminatory conduct included, but was not limited to scheduling decisions, pay, training, promotion opportunities, evaluations, discipline, benefits and management decisions. In addition, Plaintiff was forced to endure demeaning and hostile attitudes and comments, as well as other acts which were attempts by Defendants' agents to intimidate Plaintiff

11.  Management has been aware of and/or should have been aware of the hostile work environment that exists in the workplace due to its pervasiveness. In addition, Plaintiff complained to management about this illegal treatment on several occasions

Page -2-

12  Despite Plaintiff's complaints Defendants' failed to take proper remedial steps to eliminate the discrimination in the workplace Plaintiff's complaints of his illegal work environment were only met with acts of retaliation by Defendants

13  Defendants' illegal discrimination and retaliation is pervasive and ongoing

14  Defendants' asserted reasons for subjecting Plaintiff to a discriminatory work environment are pretextual and constitute disparate treatment of Plaintiff motivated by his national origin and opposition to his hostile work environment.

15  Defendants failed to undertake reasonable efforts to prevent or correct its unlawful employment practices

16  Plaintiff has suffered damages as a direct and proximate result of Defendants' illegal conduct

17  Plaintiff has been required to retain undersigned counsel to represent him in this matter and has agreed to pay a reasonable fee for said service

## COUNT I - HOSTILE WORK ENVIRONMENT BASED UPON NATIONAL ORIGIN IN VIOLATION OF THE FCRA

18  Plaintiff realleges the paragraphs 1 through 17 as if fully set forth herein

19  Plaintiff belongs to a protected group (national origin)

20  Plaintiff was and is subjected to unwelcome harassment by Defendants based upon his national origin Plaintiff was and is subjectively offended by the abusive work environment in which he has worked and a reasonable person would find Plaintiff's work environment hostile and abusive based upon the frequency of the discriminatory conduct, its severity, and because it has and continues to unreasonably interfere with Plaintiff's work environment

21  Defendants' discrimination of Plaintiff violates the FCRA by subjecting Plaintiff to a hostile

work environment which has had the purpose or effect of altering the terms and conditions of Plaintiff's employment

22  Plaintiff has suffered tangible job detriment by Defendants' pervasive discrimination

23  Defendants are vicariously liable for all tangible job detriment suffered by Plaintiff and all national origin discrimination engaged in by supervisory personnel  Defendants are also vicariously liable for all other national origin discrimination against Plaintiff because Defendants knew or should have known of the discrimination against Plaintiff and have failed to take prompt remedial action which was reasonably calculated to prevent or end the harassment

24  Plaintiff has been damaged by the conduct of Defendants

WHEREFORE, Plaintiff requests this Honorable Court to

    A   Enjoin Defendants from engaging in any employment practice violative of the FCRA.

    B   Grant trial by jury and a judgment requiring Defendants to pay to Plaintiff back-pay found to be due and owing at the time of trial, and prejudgment interest thereon,

    C   Award Plaintiff compensatory and punitive damages,

    D   Award Plaintiff front-pay,

    E   Grant Plaintiff his costs and an award of reasonable attorney's fees under the FCRA, and

    F   Grant Plaintiff any other relief that this Court deems just and equitable

## COUNT II - HOSTILE WORK ENVIRONMENT BASED UPON NATIONAL ORIGIN IN VIOLATION OF TITLE VII

25  Plaintiff realleges the paragraphs 1 through 17 as if fully set forth herein

26  Plaintiff belongs to a protected group (national origin)

27  Plaintiff was and is subjected to unwelcome harassment by Defendants based upon his national origin. Plaintiff was and is subjectively offended by the abusive work environment in which he has worked and a reasonable person would find Plaintiff's work environment hostile and abusive based upon the frequency of the discriminatory conduct, its severity, and because it has and continues to unreasonably interfere with Plaintiff's work environment

28  Defendants' discrimination of Plaintiff violates Title VII by subjecting Plaintiff to a hostile work environment which has had the purpose or effect of altering the terms and conditions of Plaintiff's employment

29  Plaintiff has suffered tangible job detriment by Defendants' pervasive discrimination

30  Defendants are vicariously liable for all tangible job detriment suffered by Plaintiff and all national origin discrimination engaged in by supervisory personnel. Defendants are also vicariously liable for all other national origin discrimination against Plaintiff because Defendants knew or should have known of the discrimination against Plaintiff and have failed to take prompt remedial action which was reasonably calculated to prevent or end the harassment

31  Plaintiff has been damaged by the conduct of Defendants

WHEREFORE, Plaintiff requests this Honorable Court to

    A.  Enjoin Defendants from engaging in any employment practice violative of

Title VII,

B    Grant trial by jury and a judgment requiring Defendants to pay to Plaintiff back-pay found to be due and owing at the time of trial, and prejudgment interest thereon.

C    Award Plaintiff compensatory and punitive damages;

D    Award Plaintiff front-pay,

E    Grant Plaintiff his costs and an award of reasonable attorney's fees under Title VII, and

F    Grant Plaintiff any other relief that this Court deems just and equitable

## COUNT III - DISPARATE TREATMENT BASED UPON NATIONAL ORIGIN IN VIOLATION OF THE FCRA
### (Retaliation)

32    Plaintiff realleges paragraphs 1 through 17 as if fully set forth herein

33    Plaintiff was in a protected group (national origin) at all times material to this action

34    Defendants have subjected Plaintiff to a consistent pattern of national origin discrimination

35    Plaintiff engaged in protected activity by opposing the discrimination Plaintiff was subjected to by Defendants

36    Defendants retaliated against Plaintiff for his having voiced opposition to Defendants' discriminatory conduct

37    Defendants violated the FCRA by retaliating against Plaintiff for said opposition

38    Plaintiff has been damaged by the conduct of Defendants

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court

A    Enjoin Defendants from engaging in any employment practice violative of the

Page -6-

FCRA,

B    Grant trial by jury and a judgment requiring Defendants to pay to Plaintiff back-pay found to be due and owing at the time of trial, and prejudgment interest thereon,

C    Award Plaintiff compensatory and punitive damages,

D    Award Plaintiff front-pay,

E    Grant Plaintiff his costs and an award of reasonable attorney's fees under the FCRA, and

F    Grant Plaintiff any other relief that this Court deems just and equitable relief that this Court deems just and equitable

## COUNT IV - DISPARATE TREATMENT BASED UPON NATIONAL ORIGIN IN VIOLATION OF TITLE VII
### (Retaliation)

39    Plaintiff realleges paragraphs 1 through 17 as if fully set forth herein

40    Plaintiff was in a protected group (national origin) at all times material to this action

41    Defendants have subjected Plaintiff to a consistent pattern of national origin discrimination

42    Plaintiff engaged in protected activity by opposing the discrimination Plaintiff was subjected to by Defendants

43    Defendants retaliated against Plaintiff for his having voiced opposition to Defendants' discriminatory conduct

44    Defendants violated Title VII by retaliating against Plaintiff for said opposition

45    Plaintiff has been damaged by the conduct of Defendants

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court:

A    Enjoin Defendants from engaging in any employment practice violative of Title VII;

B    Grant trial by jury and a judgment requiring Defendants to pay to Plaintiff back-pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C    Award Plaintiff compensatory and punitive damages;

D    Award Plaintiff front-pay;

E    Grant Plaintiff his costs and an award of reasonable attorney's fees under Title VII; and

F    Grant Plaintiff any other relief that this Court deems just and equitable relief that this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all claims so triable.

Respectfully submitted,

_____
Bradley A. Tobin, Esq
BRADLEY A. TOBIN, P A
111 Second Ave., N E
Suite 810
St Petersburg, FL 33701
Phone (727) 896-3200
Fax (727) 894-6251
Fla Bar No 0101818
SPN 02340236

ATTORNEY FOR PLAINTIFF,
KHANH M. NGUYEN.

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

KHANH M. NGUYEN,

    Plaintiff,

CASE NO. 03-9165-CI-8

v.

THE COCA-COLA COMPANY,
a/k/a COCA COLA NORTH AMERICA,
a foreign corporation, and
MINUTE MAID CORPORATION,
a Florida corporation,

    Defendants.

_____/

## DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL OF ACTION

TO:  Karleen F. DeBlaker
      Clerk of the Circuit Court
      Pinellas County
      315 Court Street
      Clearwater, Florida 33756

This will notify you that on March 16, 2004, Defendant The Coca-Cola Company[1] ("Coca-Cola") filed with the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, its Notice of Removal of the above-styled action from the state court to the federal court. A copy of the removal notice is attached.

By filing its notice, Coca-Cola has effected removal of this action to the United States District Court for the Middle District of Florida.

---

[1] Plaintiff has also named as Defendants Coca-Cola North America and The Minute Maid Company, both unincorporated divisions of The Coca-Cola Company which cannot be sued individually and therefore are improperly named in this action.

Pursuant to 28 U.S.C. § 1446(d), this Court is prohibited from proceeding in the above-styled action unless and until the action is remanded.

Respectfully submitted,

*/s/ John E. Phillips*

John E. Phillips
Florida Bar No. 823155
Jolee Land
Florida Bar No. 0135860
HOLLAND & KNIGHT LLP
Post Office Box 1288
Tampa, Florida 33601
(813) 227-8500
FAX (813) 229-0134

and

*/s/ (For)*

Elizabeth Finn Johnson
The Coca-Cola Company
One Coca-Cola Plaza
Atlanta, Georgia 30313
(404) 676-3736
FAX (404) 676-7636

Trial Counsel for Defendant

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail, first class postage prepaid, to Bradley A. Tobin, Esq., Bradley A. Tobin, P.A., 111 Second Ave. N.E., Suite 810, St. Petersburg, Florida 33701, on this 16th day of March, 2004.

_____
Attorney

# 1782628_v1

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

KHANH M. NGUYEN,
    Plaintiff,

v.                                  CASE NO. 03-9165-CI-8

THE COCA-COLA COMPANY,
a/k/a COCA COLA NORTH AMERICA,
a foreign corporation, and
MINUTE MAID CORPORATION,
a Florida corporation,

    Defendants.
_____/

## DEFENDANT'S NOTICE TO COUNSEL OF REMOVAL OF ACTION

TO:   Bradley A. Tobin, Esq.
       Bradley A. Tobin, P.A.
       111 Second Ave. N.E., Suite 810
       St. Petersburg, Florida 33701

This will notify you that on March 16, 2004, Defendant The Coca-Cola Company[1] ("Coca-Cola") filed with the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, its Notice of Removal of the above-styled action from the state court to the federal court. By filing its notice, Coca-Cola has effected removal of this action to the United States District Court for the Middle District of Florida, Tampa Division.

---

[1] Plaintiff has also named as Defendants Coca-Cola North America and The Minute Maid Company, both unincorporated divisions of The Coca-Cola Company which cannot be sued individually and therefore are improperly named in this action.

Coca-Cola has also filed a copy of its removal notice with the Clerk of the Circuit Court for Pinellas County, Florida. As a result of that filing, the Pinellas County Circuit Court is prohibited from proceeding further in this action unless and until the action is remanded. Courtesy copies of Coca-Cola's federal and state removal notices, without accompanying appendices, are attached. Pursuant to the removal of this action, and in accordance with relevant Local and Federal Rules of Civil Procedure, please serve the undersigned with copies of all your future pleadings and papers relating to this action that are filed in United States District Court.

Respectfully submitted,

_____
John E. Phillips
Florida Bar No. 823155
Jolee Land
Florida Bar No. 0135860
Post Office Box 1288
Tampa, Florida 33601
(813) 227-8500
FAX (813) 229-0134

and

_____ (for)
Elizabeth Finn Johnson
Georgia Bar No. 393353
The Coca-Cola Company
One Coca-Cola Plaza
Atlanta, Georgia 30313
(404) 676-3736
FAX (404) 676-7636

Trial Counsel for Defendants

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail, first class postage prepaid, to Bradley A. Tobin, Esq., Bradley A. Tobin, P.A., 111 Second Ave. N.E., Suite 810, St. Petersburg, Florida 33701, on this 16TH day of March, 2004.

_____
Attorney

# 1782623_v1